**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| JAMES SAMPSON REESE, JR., | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:25-1749-MGL |
| | § | |
| KATRINA SCOTT BARNES, LEONARD R. | § | |
| JORDAN, THOMAS E. MOSELY, and | § | |
| RICHIE BARNES, | § | |
| Defendants. | § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**AND DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT**

## I. INTRODUCTION

Plaintiff James Sampson Reese, Jr. brought this lawsuit pro se against Katrina Scott Barnes, Leonard R. Jordan, Thomas E. Mosely, and Richie Barnes (collectively, "Defendants"), asserting claims under 42 U.S.C. 1983, 18 U.S.C. §§ 1341 and 1343, and state law.

This matter is before the Court for review of the Report and Recommendation (the Report) of the United States Magistrate Judge suggesting to the Court the complaint be summarily dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

## II. FACTUAL AND PROCEDURAL HISTORY

Reese initially filed what he entitled an "Emergency Petitioner for Writ of Mandamus and Motion for Removal to Federal Court." After an order from the Magistrate Judge instructing Reese to bring his case into proper form, he filed an amended complaint.

Reese's amended complaint revolves around a "contractual mortgage agreement with Richie Barnes" concerning real property in Lexington County, South Carolina. Amended Complaint at 2. He asserts "Barnes false[ly] claimed the agreement was a rental contract and initiated eviction proceedings in the Lexington County Magistrate Court." Amended Complaint at 2. The Report accurately provides further detail and will be adopted herein, but the end result, according to Reese, was a jury verdict and judgment against him. Amended Complaint at 2.

The defendants in this matter include Richie Barnes; Katrina Barnes, who is a "notary public who participated in the fraud"; and two attorneys. Amended Complaint at 1-2. All of the defendants are private individuals and were involved in the state-court litigation in various respects. Reese purports to bring four causes of action: under 42 U.S.C. § 1983 for violations of his constitutional rights, under 18 U.S.C. §§ 1341 and 1343 for fraud, and under state law for civil conspiracy and breach of contract.

The Magistrate Judge recommends dismissing the case for lack of subject matter jurisdiction. Report at 6-8. She concluded Reese had failed to allege facts sufficient to establish jurisdiction under either 28 U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C. § 1332 (diversity jurisdiction). The Magistrate Judge filed the Report on April 2, 2025, and Reese filed Objections on April 25, 2025.

## III. STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## IV. DISCUSSION AND ANALYSIS

### *A. Whether this Court has jurisdiction over the 42 U.S.C. § 1983 claim*

As to Reese's claim under 42 U.S.C. § 1983, the Magistrate Judge concluded Reese failed to show his claim arises under federal law because "purely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable pursuant to 42 U.S.C. § 1983." Report at 6 (citations omitted).

Reese objects to this conclusion and asserts *Lugar v. Edmondson Oil Co.*, 457 U.S. 922 (1982), supports his position. He argues: "Although Richie Barnes is a private actor, Plaintiff alleged and provided a factual basis to infer that he conspired with state officials (including attorneys and notary officers) who acted under color of law to deprive Plaintiff of constitutional rights." Objections at 2. Reese asserts "that [Richie] Barnes' continued attempts to sell his personal and commercial property, including efforts to use police to enforce these actions" violated the Constitution. Objections at 2.

Although *Lugar* could arguably be read to support Reese's position on the merits, this Court lacks jurisdiction over his claims for a different reason: the *Rooker*-*Feldman* doctrine which

"holds that 'lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.'" *Thana v. Bd. of License Commissioners for Charles Cnty., Maryland*, 827 F.3d 314, 319 (4th Cir. 2016) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). That rule "follow[s] from Congress' careful assignment of federal subject matter jurisdiction, allocating original jurisdiction to the district courts . . . while allocating appellate jurisdiction over final state court judgments to the Supreme Court in [28 U.S.C.] § 1257(a)." *Thana*, 827 F.3d at 318-19. Thus, this Court is without authority to consider cases brought by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Thana*, 827 F.3d at 319 (quoting *Lance*, 546 U.S. at 464).

That is the precise scenario presented here: Reese complains of an "unfair trial outcome" following a jury trial which concluded before he filed his complaint in this Court. Amended Complaint at 2. Reese's claimed injury is "caused by the state-court judgment" and in effect he "seek[s] review and rejection of that judgment." *Thana*, 827 F.3d at 320 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)).

Because Reese's claim "is 'inextricably intertwined' with the state proceedings," this Court lacks jurisdiction over it. *Davani v. Virginia Dep't of Transp.*, 434 F.3d 712, 719 (4th Cir. 2006). Accordingly, his objection will be overruled and the claim will be dismissed.

***B. Whether this Court has jurisdiction over the claim under 18 U.S.C. §§ 1341 and 1343***

As to Reese's claims under 18 U.S.C. §§ 1341 and 1343, the Magistrate Judge explained these are merely criminal statutes "and do not extend federal question jurisdiction to private civil cases." Report at 6. Reese failed to raise a specific objection to this conclusion. Rather, he expressly "acknowledges that 18 U.S.C. §§ 1341 and 1343 do not create a private cause of action"

but they do "provide context for a civil conspiracy and pattern of fraudulent conduct under both § 1983 and South Carolina law." Objections at 3.

Given his concessions these statutes "do not create a private cause of action[,]" the Court considers any objection to dismissal of these claims as waived. In any event, the Magistrate Judge is correct for the reasons stated in the Report. Consequently, the Court will also overrule this objection.

***C. Whether this Court has jurisdiction over Reese's state law claims***

Finally, Reese brings two claims arising under state law. First, against all defendants, Reese claims they "conspired to commit fraud and suppress evidence in order to unlawfully obtain a legal judgment against Plaintiff." Amended Complaint at 3. Second, as to Richie Barnes alone, Reese alleges his "fraudulent misrepresentation constitutes a breach of contract that caused financial losses to Plaintiff." Amended Complaint at 3.

The Magistrate Judge declined to make any recommendation as to these claims, except to the extent the Magistrate Judge concludes Reese failed to allege facts sufficient to establish diversity jurisdiction under 28 U.S.C. § 1332. Report at 7. Reese fails to object to that conclusion. Accordingly, because the Court agrees with the Magistrate Judge, the state claims will be dismissed without prejudice.

As a final note, Reese also objects to the Magistrate Judge's reliance on Rule 15, 41, 59, and 60 of the Federal Rules of Civil Procedure. These arguments are irrelevant because the Court lacks subject-matter jurisdiction over his claims. Accordingly, these objections will be overruled, too.

## V. CONCLUSION

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Reese's objections, adopts the Report, and incorporates it herein. Reese's amended complaint is therefore **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed this 28th day of October 2026, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Reese is hereby notified of his right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.